UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MICHAEL DUNN                                          C.A. NO.:  20-01063-MJJ-PJH

VERSUS

CITY OF EUNICE, ET AL.

### DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

The City of Eunice (the "City") and Randy Fontenot ("Fontenot"), the City's Chief of Police, (jointly, "Defendants") through undersigned counsel, respond to and answer the Complaint (Doc. 1) filed by Michael Dunn ("Dunn" or "Plaintiff") to deny each and every allegation except as specifically admitted below and to assert the following affirmative and other defenses without assuming any burdens of production or proof which, pursuant to law, belong to Plaintiff. In answer, Defendants state as follows:

### FIRST DEFENSE

The Complaint fails to state a federal or state law claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable prescriptive and statute of limitation periods.

### THIRD DEFENSE

Plaintiff has failed to allege facts supporting a finding that he participated in any speech protected by the First Amendment or engaged in any protected activity, as required to support his claims.

## FOURTH DEFENSE

Legitimate, non-discriminatory, non-retaliatory reasons existed for all personnel actions with respect to Plaintiff which are the subject matter of this lawsuit.

## FIFTH DEFENSE

Defendants plead that Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

## SIXTH DEFENSE

In the event any money judgment is rendered in favor of Plaintiff (which Defendants deny), then the amount awarded should be reduced by all amounts earned or which could have been earned by Plaintiff with reasonable diligence.  Plaintiff may have failed to mitigate his damages.

## SEVENTH DEFENSE

In the event a money judgment is rendered in favor of Plaintiff (which Defendants deny), then the amount awarded should be reduced by all amounts of unemployment compensation benefits, disability benefits, workers' compensation benefits, retirement benefits, or other benefits received or which could have been received by Plaintiff with reasonable diligence.

## EIGHTH DEFENSE

Defendants specifically deny ever having subjected Plaintiff, or having caused Plaintiff, to be subjected within the jurisdiction of this Court, to a deprivation of any constitutionally secured right or rights, privileges or immunities; specifically denying any indebtedness on their part unto Plaintiff for any damages, be they actual, compensatory or punitive in any form or fashion.

## NINTH DEFENSE

Plaintiff has failed to state any custom, policy, or other basis for liability against Defendants pursuant to 42 U.S.C. § 1983.

**TENTH DEFENSE**

Fontenot, to the extent he is sued in his individual capacity, pleads and avers that he is entitled to qualified immunity for acts done or actions taken inasmuch as no violation of Plaintiff's constitutional rights occurred, all acts done or taken relative to the matters alleged in the Complaint were objectively reasonable and the acts done or taken were not violative of any clearly established statutory or constitutional rights of which he knew or should have known.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to punitive damages.

**TWELFTH DEFENSE**

In the event that the Defendants or anyone for whom they are responsible, is found liable under any theory of state law (which Defendants deny), the Defendants assert the limitations of liability contained in La. R.S. 9:2798.1 and/or La. R.S. 13:5101 *et seq*.

**THIRTEENTH DEFENSE**

The Defendants are entitled to all limitations of liability contained in relevant state or federal law.

**FOURTEENTH DEFENSE**

In the alternative, in the event the Defendants or anyone for whom they are responsible, are found liable under any theory of federal or state law (which Defendants deny), Defendants assert that the sole and proximate cause of any injury to Plaintiff was Plaintiff's own fault, and that as a result, any award to Plaintiff is barred or should be reduced in proportion to the extent of that fault.

22080231_1.docx

## FIFTEENTH DEFENSE

In the alternative, in the event the Defendants are found liable under any theory of law (which Defendants deny), the Defendants assert that the sole and proximate cause of any injury to Plaintiff was the fault of a third party or parties for whom the Defendants have no control or are not responsible, and that as a result, the Defendants are responsible only for their degree of fault, if any.

## SIXTEENTH DEFENSE

None of Plaintiff's alleged protected activities (all of which are denied) caused any purported employment actions taken by Defendants.

## SEVENTEENTH DEFENSE

If it is determined that the Plaintiff's reports or complaints were a motivating factor (and/or illicit motivation) in any employment action taken by Defendants (which is denied), then Defendants plead that they would have taken the same action for reasons that were lawful and not related to the Plaintiff's reports or complaints.

## EIGHTEENTH DEFENSE

If any employee of the City committed any illegal acts (which is denied), such acts were beyond the scope of that employee's employment and not authorized by the City.

## NINETEENTH DEFENSE

At all times relevant to this matter, Defendants acted in good faith, for just cause, and with reasonable grounds for believing they were within their lawful rights and were in compliance with relevant laws and/or statutes.

22080231_1.docx

## TWENTIETH DEFENSE

At all times pertinent to the facts alleged in the Complaint, the Plaintiff may not have acted in good faith.

## TWENTY-FIRST DEFENSE

If at any time pertinent to the facts alleged in the Complaint, the Plaintiff was engaged in the perpetration of any activity that violated any policy, regulation, law, or statute, the Plaintiff's recovery may be barred.

## TWENTY-SECOND DEFENSE

Plaintiff received all the process to which he was entitled.

## TWENTY-THIRD DEFENSE

At none of the times pertinent to the facts alleged in the Complaint did Defendants violate any law.

## TWENTY-FOURTH DEFENSE

At all times, Defendants acted in accordance with established policies, procedures and practices.

## TWENTY-FIFTH DEFENSE

All or some of Plaintiff's claims and/or damages may be barred, in whole or in part, by the doctrine of after-acquired evidence.

## TWENTY-SIXTH DEFENSE

Plaintiff has failed to allege facts supporting a finding that he was subjected to an adverse employment action, as required to support his claims.

**TWENTY-SEVENTH DEFENSE**

The Complaint fails to state a claim against Fontenot upon which relief can be granted to the extent it pleads any claims against him in his "official capacity" because Dunn has also named the City as a defendant in this lawsuit.

**TWENTY-EIGHTH DEFENSE**

Defendants reserve the right to assert additional defenses in the event that discovery shows that additional defenses are warranted.

Pleading further, if such be necessary, and in the alternative throughout, Defendants deny each and every allegation contained in Plaintiff's Complaint, except as specifically admitted below:

Introductory Paragraph

Defendants admit that Michael Dunn is the named Plaintiff in this lawsuit; admit Dunn is a person of full age of majority; deny any and all liability to Dunn; and deny any and all remaining allegations contained in the unnumbered introductory paragraph of the Complaint.

1.

Defendants admit that the City and Fontenot are named defendants in this lawsuit, deny any wrongdoing on the part of Defendants; and deny any and all remaining allegations contained in paragraph 1 of the Complaint.

2.

Defendants admit that jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367; deny that Defendants violated 42 U.S.C. § 1983; deny that Defendants violated the First or Fourteenth Amendments to the United States Constitution, any Louisiana state law, or Article I, §

22080231_1.docx

7 of the Louisiana Constitution; and deny any and all remaining allegations contained in paragraph 2 of the Complaint.

3.

Defendants admit venue is proper in the Western District of Louisiana; deny any wrongdoing on the part of Defendants; and deny any and all remaining allegations contained in paragraph 3 of the Complaint.

4.

Defendants admit that Fontenot is/was the Chief of Police for the City of Eunice; and deny any and all remaining allegations contained in paragraph 4 of the Complaint.

5.

Defendants admit that Dunn is a Lieutenant for the Eunice Police Department; admit that Dunn is employed by the City as a police officer; deny that Dunn is employed by Fontenot; and deny any and all remaining allegations contained in paragraph 5 of the Complaint.

6.

Defendants deny the allegations contained in paragraph 6 of the Complaint as written.

7.

Defendants deny the allegations contained in paragraph 7 of the Complaint as written.

8.

Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.

Defendants deny the allegations contained in paragraph 9 of the Complaint because Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations.

22080231_1.docx

10.

Defendants deny the allegations contained in paragraph 10 of the Complaint because Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations.

11.

Defendants admit that Dunn called the Eunice Police Department early in the morning on July 21, 2020 to report that a car almost hit his vehicle; and deny any and all remaining allegations contained in paragraph 11 of the Complaint. In further response, Defendants state that another officer was in the area soon after the call; and that Dunn went "10-8" minutes after his call to the Department meaning that he was available for call, considered on duty, and called in a license plate number.

12.

Defendants deny the allegations contained in paragraph 12 of the Complaint because Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations.

13.

Defendants admit that Dunn brought up allegations of reckless driving around the KC Hall to Fontenot on or around July 21 or 22, 2019; and deny any and all remaining allegations contained in paragraph 13 of the Complaint.

14.

Defendants deny the allegations contained in paragraph 14 of the Complaint because Fontenot does not recall the specific statements made to Dunn on or around July 21 or 22, 2019.

15.

Defendants admit that Fontenot may have directed Dunn to Bayou State Homes to speak to someone in charge of renting out the KC Hall; and deny any and all remaining allegations contained in paragraph 15 of the Complaint because Fontenot does not recall the specific statements made in the conversation with Dunn or around July 21 or 22, 2019.

16.

Defendants deny the allegations contained in paragraph 16 of the Complaint because Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations. Defendants did not participate in the discussions alleged in paragraph 16.

17.

Defendants deny the allegations contained in paragraph 17 of the Complaint because Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations. Defendants did not participate in the discussions alleged in paragraph 17.

18.

Defendants admit that the Eunice Police Department received a call early in the morning on July 21, 2019 regarding loud music at the KC Hall; and deny any and all remaining allegations contained in paragraph 18 of the Complaint because Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations.

19.

Defendants deny the allegations contained in paragraph 19 of the Complaint because Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations.

20.

Defendants admit that upon information and belief, Dunn made a public Facebook post related to the KC Hall incident on August 24-25, 2019; admit that Dunn later made an updated post; and deny any and all remaining allegations contained in paragraph 20 of the Complaint. Defendants contend that the Facebook posts are the best evidence of their contents and speak for themselves.

21.

Defendants admit that upon information and belief, Dunn's Facebook post included the quoted language in paragraph 21 of the Complaint; and deny any and all remaining allegations contained in paragraph 21 of the Complaint.

22.

Defendants admit that on August 26, 2019, Fontenot made a Facebook post which addressed, in part, the KC Hall incident; admit that the post indicated that "[n]o evidence of a gun being [] discharged was found;" and deny any and all remaining allegations contained in paragraph 22 of the Complaint. Defendants contend that the Facebook post is the best evidence of its contents and speaks for itself.

22080231_1.docx

23.

Defendants admit that Fontenot's August 26, 2019 Facebook post included, in part, the quoted language in paragraph 23 of the Complaint; and deny any and all remaining allegations contained in paragraph 23 of the Complaint.

24.

Defendants admit that a Notice of Investigation dated September 6, 2019 was provided to Dunn, who is a civil service employee; admit that the Notice of Investigation indicated that an investigation into the August 25, 2019 Facebook post referencing an incident at the KC Hall on August 24-25, 2019 was being initiated; admit that the Notice of Investigation referenced a "violation of Eunice Police Department Procedures Order 15-7 Code of Conduct and Ethics B.2 Conduct Unbecoming of an officer (iii) impairs the operation or efficiency of the department, the officer, or city service;" and deny any and all remaining allegations contained in paragraph 24 of the Complaint.

25.

Defendants admit that Dunn was placed on paid administrative leave for a period of time after the investigation was initiated; and deny any and all remaining allegations contained in paragraph 25 of the Complaint.

26.

Defendants deny the allegations contained in paragraph 26 of the Complaint as written.

27.

Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.

Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.

Defendants refer to and re-allege the preceding responses to Dunn's Complaint; deny any and all liability to Dunn; and deny any and all remaining allegations contained in paragraph 29 of the Complaint.

30.

Paragraph 30 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny any and all liability to Dunn; and deny the allegations contained in paragraph 30 of the Complaint.

31.

Defendants deny the allegations contained in paragraph 31 of the Complaint. In further response, Defendants state that Dunn was only placed on paid administrative leave pending investigation and remains employed with the City as a Lieutenant for the Eunice Police Department. Dunn did not suffer an adverse employment action under the law.

32.

Paragraph 32 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.

Paragraph 33 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny the allegations contained in paragraph 33 of the Complaint.

22080231_1.docx

34.

Paragraph 34 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.

Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.

Paragraph 36 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants refer to and re-allege the preceding responses to Dunn's Complaint; deny any and all liability to Dunn; and deny any and all remaining allegations contained in paragraph 36 of the Complaint.

37.

Defendants admit that the language quoted in paragraph 37 of the Complaint is part of the Eunice Police Department's Procedure Order #15-7, section I, which addresses Code of Conduct and Ethics; and deny any and all remaining allegations contained in paragraph 37 of the Complaint.

38.

Paragraph 38 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.

Paragraph 39 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny the allegations contained in paragraph 39 of the Complaint.

22080231_1.docx

40.

Paragraph 40 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.

Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.

Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.

Paragraph 43 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.

Paragraph 44 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.

Defendants deny the allegations contained in paragraph 45 of the Complaint as written.

46.

Paragraph 46 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.

Paragraph 47 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.

Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.

Paragraph 49 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.

Paragraph 50 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.

Paragraph 51 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.

Paragraph 52 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.

Paragraph 53 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.

Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.

Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.

Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.

Defendants refer to and re-allege the preceding responses to Dunn's Complaint; deny any and all liability to Dunn; and deny any and all remaining allegations contained in paragraph 57 of the Complaint.

58.

Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.

Paragraph 59 of the Complaint includes legal conclusions/allegations and does not require a response. If a response is deemed necessary, Defendants deny the allegations contained in paragraph 59 of the Complaint as written.

60.

Defendants admit that Article I, Section 7 of the Louisiana Constitution includes the quoted language in paragraph 60 of the Complaint. Defendants further state that the quoted language is incomplete.

61.

Defendants admit that Article I, Section 9 of the Louisiana Constitution includes the quoted language in paragraph 61 of the Complaint.

62.

Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.

Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.

Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.

Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.

Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.

Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.

Defendants deny the allegations contained in paragraph 68 of the Complaint and deny any and all liability to Dunn.

69.

Defendants admit that Plaintiff seeks a trial by jury as to all claims and issues so triable.

Pleading further, Defendants seek recovery of their attorneys' fees and costs in this matter pursuant to 42 U.S.C. § 1988(b).

Defendants further demand a jury trial as to all issues so triable.

WHEREFORE, Defendants The City of Eunice and Randy Fontenot, Chief of Police for the City of Eunice, pray that their Answer be deemed good and sufficient and that after due proceedings are had, there be judgment herein dismissing Dunn's claims, with prejudice, at his sole cost, and for all general and equitable relief including Defendants' reasonable damages, costs of court, attorneys' fees, and such other and further relief as may be appropriate.

Respectfully Submitted:

*/s/Chelsea G. Caswell*
Bradley C. Myers (#1499)(T.A.)
*brad.myers@keanmiller.com*
Chelsea Gomez Caswell (#35147)
*chelsea.caswell@keanmiller.com*
KEAN MILLER LLP
II City Plaza, Suite 700
400 Convention Street
P. O. Box 3513
Baton Rouge, LA  70821
Telephone: (225) 387-0999

*Attorneys for The City of Eunice and Randy Fontenot*